UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ALPHONSO O. MOODY, | § | |
| | § | |
|   Plaintiff, | § | |
| *versus* | § | CIVIL ACTION H-04-1604 |
| | § | |
| | § | |
| NABISCO, INC., | § | |
| | § | |
|   Defendant. | § | |

# Opinion on Dismissal

1. *Introduction.*

A man sued his employer for discrimination. He now wants to change the type of discrimination that forms the basis of his suit. He may not. The case will be dismissed.

2. *Background.*

In April 2004, Moody sued Kraft, saying that it did not promote him because he is black. The parties have met with the court twice. At the second conference – when Moody himself was present – they announced that discovery was complete.

Kraft moved for summary judgment in late September. On the eve of Moody's response date, his lawyer asked to withdraw. On October 1, the court removed him and gave Moody two months to find another lawyer. Days later, the court extended Moody's response date to December 10.

Moody's new lawyer appeared in mid-October. Moody moved for additional discovery, saying that his first lawyer had erroneously pleaded on his behalf a race-discrimination claim and not a claim based on age. On December 10, Moody renewed his discovery request. He also asked to amend his complaint so that he could get rid of the race claim and replace it with one based on age. Three days after his response was due, Moody moved to continue his response date.

3.      *Race.*

Moody says that his original and amended complaints were mistakenly about race discrimination. This was, however, no surprise to him. Moody was present at the second conference, hearing Kraft say:

> We hired him when he was 57, but it's not even in the case. The case is about race discrimination.

Conf. on Sept. 15, 2004, Tr. at 11.

Moody did not dispute him then or later. By his silence, he signaled his assent.

In his complaints, Moody says that he was denied promotions because he is black. He has furnished no facts to support this. At the conference, he offered only conspiracies about thousands of vehicles following him and trying to run him off the road at Kraft's behest. Tr. at 7. He cannot identify the individuals involved or explain their connection to Kraft. Tr. at 14.

Another problem with Moody's race claim is that he has not exhausted the administrative process. Moody charged only age discrimination with the Equal Employment Opportunity Commission. The commission gave him a right to sue for that alone. Because Moody has not satisfied the antecedent steps for bringing a race claim, this court has no authority to hear this case and will dismiss it.

Even if Moody had exhausted his administrative remedies, it is likely that he would still lose. To prevail on his failure-to-promote claim, Moody must show that he was clearly the superior candidate. *E.E.O.C. v. Louisiana Office of Comm. Svcs.*, 47 F.3d 1438, 1445 (5th Cir. 1995). He must also show that Kraft failed to promote him because he is black. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993); *Elliott v. Group Medical & Surgical Service*, 714 F.2d 556 (5th Cir. 1983). He can do neither.

Of the five promotions that Moody says he was denied, Kraft gave two positions to black employees. Tr. at 10. Moody was not qualified for the other three. Further, Moody never formally applied for the jobs; he simply left messages on people's voice mail. Tr. at 10. This is not enough. Applying for a job is a basic step of establishing eligibility. Moody could not be harmed by being denied promotions for which he did not

apply and was therefore ineligible. The only people who would have had a right to complain are those who actually applied and were denied.

Moody's now filing a charge for race discrimination would not help him. The law requires that a person file a charge within 300 days of an adverse job action. 29 U.S.C. § 626(d)(2). Moody abandoned his job in April 2004. He never filed a charge based on race, barring whatever claim he might have brought.

4.   *Amendment.*

Justice does not demand that the court allow Moody to amend his complaint a second time. Fed. R. Civ. P. 15(a). First, a presumption exists that Kraft did not discriminate against Moody because of his age. The law protects people who are 40 years of age and older. 29 U.S.C. § 631(a). Kraft hired Moody when he was 57. Tr. at 11. If Kraft was going to discriminate against him, it never would have hired him in the first place. Because Moody has offered no fact overcoming this presumption – even when given opportunity to do so in the conference – his request to amend his complaint will be denied.

Second, Kraft has already moved for summary judgment. Moody's requested relief would essentially begin the action anew – requiring new discovery, another round of conferences with the court, and new pleadings from the parties. He has furnished no compelling reason for this result.

Last, Moody's age claim is barred. When Moody went to the commission in June 2003, he complained about age discrimination. On December 24, 2003, the commission gave him the right to sue based on age; he had ninety days – until March 24, 2004 – to sue. Moody sued based on race. That was the wrong claim.

Even if Moody had brought his age claim, his complaint was late and therefore barred. Moody sued on April 22, 2004 – almost a month after his ninety-day deadline expired. Moody tried to circumvent this bar recently by charging age discrimination with the Texas Workforce Commission. He wants to sue in state court. On February 28, 2005, the agency gave him the right to sue.

Moody's tactics will fail. He abandoned his job on April 15, 2004, and his job was

terminated on April 23, 2004. Under Texas law, Moody should have filed with the agency no later than October 19, 2004. Tex. Lab. Code § 21.202. He filed his charge too late. In addition, when Moody let his earlier right to sue lapse, he lost the right to complain again based on those facts.

5. *Conclusion.*

Because Moody did not exhaust his administrative remedies for bringing a race claim, this case will be dismissed. Because his right to sue for age discrimination has expired, Moody's request to amend his complaint and discover other information on that claim will be denied.

Signed July 7, 2005, at Houston, Texas.

Lynn N. Hughes  USDJ
United States District Judge